Hill v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> *Circuit Judges.*

---

Scott Hill,

*Plaintiff-Appellant*,

v.                                                                            19-866

City of New York,

*Defendant-Appellee*,

New York City Police Department, New York
City Court Officers, Police Officers John Does,
State of New York,

*Defendants*.

---

FOR PLAINTIFF-APPELLANT:                       Scott Hill, *pro se*, Staten Island, NY.

**FOR DEFENDANT-APPELLEE:**                    Aaron M. Bloom and Claibourne
                                              Henry *for* James E. Johnson,
                                              Corporation Counsel of the City of
                                              New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment/order of the district court is **AFFIRMED**.

Appellant Scott Hill, proceeding *pro se*, appeals the district court's judgment dismissing his complaint, which asserted federal constitutional and state tort claims arising out of an alleged beating that occurred during his arraignment in state court. Specifically, he asserted that he was assaulted and unlawfully confined by either court officers or correctional officers in January 2016. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). While "we liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (italics added) (brackets omitted), *pro se* appellants must still comply with Fed R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Despite affording *pro se* litigants "some latitude in meeting the rules governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his . . . appellate brief." *Id.*; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631,

632–33 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (italics added) (quotation marks omitted)); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (*pro se* litigant abandons issue by failing to address it in his appellate brief).

Hill's appellate brief does not address the district court's orders or the events underlying his complaint, which concerned a 2016 arrest, beating by court officers, and subsequent confinement. Instead, Hill raises new allegations that the police improperly confiscated his property during an unrelated 2010 raid of his home. Because Hill has failed to challenge the bases for the district court's dismissal of his complaint in his brief on appeal, we find that he has abandoned any such challenges. *See Moates*, 147 F.3d at 209; *LoSacco*, 71 F.3d at 92–93.

We have considered all of Hill's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3